## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MERCHANTS BONDING COMPANY,

      Plaintiff,

vs.                                         Civ. No. 01-1207 MV/LFG

VINCENT J. TAIBBI and ROSEMARY
TAIBBI,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Award of Attorney's Fees, filed June 26, 2002 **[Doc. No. 14]**.  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED.**

## BACKGROUND

Plaintiff Merchant Bonding Company sued Defendants Vincent and Rosemary Taibbi for breach of contract, indemnification, specific performance, reimbursement and exoneration after Defendants failed to meet their obligations under an indemnity agreement with Plaintiff.  Plaintiff, the surety, initiated a diversity suit in federal court and was granted a default judgment when Defendants, the indemnitors, failed to file any responsive pleadings despite proper service of process.  Following entry of the judgment, Plaintiff filed the present motion for award of attorney fees totaling $13,468.44, pursuant to the indemnity agreement.  Plaintiff has submitted verified billing statements in conjunction with this motion.

**DISCUSSION**

In diversity cases, attorney's fees are substantive matters and therefore questions involving such fees are to be resolved under the law of the forum state. *See Boyd Rosene & Assocs. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999) (citing *King Res. Co. v. Phoenix Res. Co.*, 651 F.2d 1349, 1353 (10th Cir. 1981)). Under Rule 1-054, NMRA 2002, a prevailing party may recover attorney's fees only if provided for in a statute or contract. *See also Hickey v. Griggs*, 738 P.2d 899 (N.M. 1987).

> Here, the relevant part of the indemnity agreement states,
>
> ...The undersigned shall indemnify, and keep indemnified and save and hold harmless the Company against all loss, costs, damages, expenses **and attorneys' fees** whatever, and any and all liability therefor, **sustained or incurred by the Company by reason of having executed or procured the execution of any [bonds, undertakings, or instruments of guarantee under this agreement]; or sustained or incurred by reason of making any investigation on account thereof, the prosecuting or defending any action in connection therewith, obtaining a release therefrom or enforcing by litigation or otherwise any of the agreements herein contained.**

Indemnity Agreement at 1 (emphasis added). Plaintiff's breach of contract and indemnity suit falls squarely within this description. Plaintiff had issued performance and/or payment bonds on four construction projects that Defendants subsequently abandoned. In addition to not completing those projects, Defendants also failed to make related payments to subcontractors and suppliers. As a result, Plaintiff completed some projects and paid claims as promised under the indemnity agreement with Defendants. However, Defendants did not reimburse Plaintiff for those claims and expenses, notwithstanding the provisions of the indemnity agreement. (Pl.'s Complaint at 3-5.) Thus, the attorney's fees that Plaintiff incurred in bringing its suit for breach of contract and indemnification

arose from the prosecution of an action related to the bonds executed at Defendants' request for the four construction projects.

The Tenth Circuit has held that, where attorney's fees are awarded pursuant to a contractual agreement, "the trial court's role is to determine if the claimed fees are inequitable or unreasonable. If so, the trial court has discretion to deny or reduce the fee award.   However, the trial court is not responsible for independently calculating a 'reasonable' fee." *United States ex rel. C.J.C., Inc. v. W. States Mech. Contractors, Inc.,* 834 F.2d 1533, 1549 (10th Cir. 1987).   In evaluating the reasonableness of claimed fees, a trial court may consider "the familiar factors from the federal cases awarding fees in a statutory context as defined in *Ramos [v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overturned on other grounds*, Pennsylvania v. Delaware Valley Citizens' Council, 483 U.S. 711 (1987)]." *W. States*, 834 F.2d at 1550.  At the same time, however, while courts are to "carefully scrutinize" fees when requested pursuant to statute,

> where contracting parties have agreed that a breaching party will be liable for attorneys' fees, the purpose of the award is to give the parties the benefit of that bargain, and the court's responsibility is to enforce that bargain. Normally, where the court is merely enforcing a contractual provision authorizing attorneys' fees, the fees are routinely awarded and the contact is enforced according to its terms.

*Id.* at 1548 (footnote omitted).

The *Ramos* court indicated that, as a general matter, the court may reduce the fee requested if the attorney failed to keep "meticulous, contemporaneous time records" revealing "all hours for which compensation is requested and how those hours were allotted to specific tasks." *Ramos* at 553.  Once the district court determines that the submitted time records are adequate, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 552 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). That is, the court must ascertain "not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Id.* at 553. Factors to consider under this analysis are: (1) whether an attorney would typically bill a client for a given task; (2) hours spent on each task; (3) the overall complexity of the case; (4) "number of reasonable strategies pursued"; (5) "the responses necessitated by the maneuvering of the other side," and (6) "potential duplication of services" through use of multiple lawyers. *Id.* at 554. The *Ramos* court also indicated that fees charged for paralegal services may be granted as part of the attorneys' fees if they are not "normally part of the office overhead in the area" and thus not "already reflected in the area rate." *Id.* at 558-59.

Here, Plaintiff has submitted detailed billing statements that tally the total number of hours expended in conjunction with this litigation and describe the tasks completed during that time. (See Verified Billing Statements.) Attorney Cynthia Braun also provided an affidavit stating that the "fees and charges were reasonably necessary and were incurred directly in connection with the representation and prosecution of this action on behalf of Merchants Bonding Company, and in the representation and preservation of the bonding company's interests and claims in a separate Chapter 7 Bankruptcy action filed by Vantage Electric Corporation." (Att'y Fee Aff. at 1-2.)

Based on the descriptions of the tasks provided in the billing statement, this Court is satisfied that the tasks for which counsel is requesting fees are those that normally would be charged of a client. The hours spent on each task by Ms. Conway, Ms. Braun, Ms. Molina, and Ms. Taylor also appear to be reasonable and equitable, in light of the proceedings commenced in this court and in the

separate bankruptcy proceeding.  Accordingly, the Court finds that these hours should be reimbursed in their entirety.

Although Plaintiff has requested $13,468.44 in fees and related expenses for the time between July 2, 2001 and May 1, 2002, the Court is awarding fees and expenses from July 2, 2001 through June 30, 2002, to include the hours billed for work related to the damages hearing.  Computation of fees and relevant expenses for this time period, as submitted to the Court in Plaintiff's Verified Billing Statements, yields a total of $14,260.56.

**IT IS THEREFORE ORDERED** that Plaintiff's award for attorneys' fees and costs is as follows: (1) $12,419.50 for legal fees; and (2) $1,841.06 for related expenses, advances, and taxes.

Dated this 23rd day of April, 2003.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Cynthia Ann Braun
Ann Maloney Conway

Attorney for Defendants: